UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. DEMOS, Jr., | No. 2:20-cv-01653 GGH P |
| Petitioner, | |
| v. | ORDER |
| THE GOVERNOR OF WASHINGTON, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding in pro se, has filed an application for a writ of habeas petition pursuant to 28 U.S.C. §§ 2254 and 2241, together with a request to proceed in forma pauperis. This court will not rule on petitioner's request to proceed in forma pauperis.

Petitioner is presently confined in Washington State Penitentiary in Walla Walla, Washington. The petition appears to contest two indictments: See: Case No. 1:20-cv-00104-BLW (D. Idaho), and Case No. 2:15-cv-0204-CKD-HC (E.D. Cal). See ECF No. 1 at 2. Specifically, Demos v. United States, et al., No. 2:15-cv-0204-CKD-HC, a habeas action, challenged criminal proceedings in the Yakima County Superior Court. Here, it appears petitioner seeks to contest his current place of confinement in a Washington state prison based on his ongoing criminal proceedings in Yakima County Superior Court. See ECF No. 1 at 4 ("Demos should be housed in a federal facility and not a so-called state facility[.]") Petitioner argues that *he has not been convicted* and is a " 'pre-trial detainee' [and] is not a 'prisoner[.]' " Id. at 5

(emphasis added). Petitioner argues he should be transferred from a state prison facility to a federal prison facility. Petitioner further argues this court has proper jurisdiction to adjudicate this matter because it has decided an issue affecting the terms of his sentence, ruling him a "federal detainee" in its previous order in Demos v. United States, et al., No. 2:15-cv-0204-CKD-HC. Id. at 3-4.[1]

Habeas is the "exclusive remedy" for a prisoner who seeks "immediate or speedier release" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011). State prisoners may challenge the lawfulness of their confinement pursuant to 28 U.S.C. §§ 2241 and 2254. Habeas relief pursuant to 28 U.S.C. § 2241 extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Habeas relief pursuant to 28 U.S.C. § 2254 may be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254. In both instances, petitioner must name the proper respondent in his habeas corpus petition. Failure to name the proper respondent deprives district courts of personal jurisdiction. Id. (citing Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989)). When a petitioner files a § 2241 habeas corpus petition challenging his "present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Rumsfeld v. Padilla, 542 U.S. 426, 427, 124 S. Ct. 2711 (2004). See also Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). When proceeding on a § 2254 habeas corpus petition, the petition must name as respondent the state officer who has custody. Rule 2(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. "This person typically is the warden of the facility in which the petitioner is incarcerated." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Brittingham v.

---

[1] The court in Demos v. United States, et al., No. 2:15-cv-0204-CKD-HC transferred the action to the United States District Court for the Eastern District of Washington where petitioner's conviction arose. Whatever characterization of plaintiff the Demos court used to effectuate the transfer is irrelevant to whether this court presently has jurisdiction.

2

1  United States, 982 F.2d 378, 379 (9th Cir.1992)). Moreover, "Braden in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." Rumsfeld v. Padilla, 542 U.S. 426, 445, 124 S. Ct. 2711 (2004) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973)). Petitioner's attempts to name the Governor of California as respondent[2], and invoke the long arm statute as to the Governor of Washington, see ECF No. 1 at 1, 3, is inappropriate to gain jurisdiction in this district court.

The general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).  In the instant case, both petitioner's conviction and his place of incarceration occurred in an area covered by the District Court for the Eastern District of Washington.

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:

1.  The court has not ruled on petitioner's application to proceed in forma pauperis (ECF No. 2); and

2.  This matter is transferred to the United States District Court for the Eastern District of Washington. Id. at 499 n.15; 28 U.S.C. § 2241(d).

Dated: September 22, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] Naming the Governor of California is a spurious denomination in that the Governor of California could not possibly be petitioner's custodian, i.e., he has no authority whatsoever over petitioner's present incarceration.

3